IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES G. REECE,

    Petitioner,                    No. 2:10-cv-00495 JAM KJN P

    vs.

J.W. HAVILAND,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that his federal constitutional right to due process was violated by a 2008 decision of the California Board of Parole Hearings (hereafter "the Board") to deny him a parole date.

        The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

        A protected liberty interest may arise from either the Due Process Clause of the

1

1  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
2  expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209,
3  221 (2005) (citations omitted); see also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).
4  The United States Constitution does not, of its own force, create a protected liberty interest in a
5  parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981);
6  Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or
7  inherent right of a convicted person to be conditionally released before the expiration of a valid
8  sentence."). However, "a state's statutory scheme, if it uses mandatory language, 'creates a
9  presumption that parole release will be granted' when or unless certain designated findings are
10 made, and thereby gives rise to a constitutional liberty interest." Greenholtz, 442 U.S. at 12; see
11 also Allen, 482 U.S. at 376-78.

12         California's parole statutes give rise to a liberty interest in parole protected by the
13 federal due process clause. Swarthout v. Cooke, 562 U.S. ___ (2011), No. 10-333, 2011 WL
14 197627, at *2 (Jan. 24, 2011). In California, a prisoner is entitled to release on parole unless
15 there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181,
16 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002). However, in
17 Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports
18 converting California's 'some evidence' rule into a substantive federal requirement." Swarthout,
19 2011 WL 197627, at *3. In other words, the Court specifically rejected the notion that there can
20 be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a
21 parole proceeding. Id. at *3. Rather, the protection afforded by the federal due process clause to
22 California parole decisions consists solely of the "minimal" procedural requirements set forth in
23 Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why
24 parole was denied." Swarthout, at *2-3.

25         Here, the record reflects that petitioner was present, with counsel, at the
26 September 25, 2008 parole hearing, that he participated in the hearing, and that he was provided

with the reasons for the Board's decision to deny parole. (Dkt. No. 11-6 (Exh. 6) at 4-72.) According to the United States Supreme Court, the federal due process clause requires no more.

Thus, none of petitioner's several contentions state a cognizable federal due process challenge, viz., that the Board improperly relied on an outdated prison disciplinary report; that the Board improperly permitted the district attorney to be present at the hearing and to state his views; that the Board acted arbitrarily and capriciously by failing to rely on evidence demonstrating that petitioner's release would pose an unreasonable risk to public safety; and that the Board relied on "elements/factors . . . not presented to a jury." (Dkt. No. 1 (Petition), at 4-7.)

Similarly, petitioner does not state a cognizable federal due process claim based on his contention that he untimely received a copy of a psychological report relied on by the Board. Petitioner states that he received the report within a shorter time frame than that mandated by the class action in In re Lugo, Marin County Superior Court Case No. 135399A. This contention is a state law claim not cognizable in this action. Federal habeas corpus relief is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985).[1]

Petitioner's final contention, inadequately developed in the petition and not further addressed by petitioner, is that the Board improperly deferred his subsequent parole hearing for a period of two years without any evidence that petitioner could not be found suitable for parole within one year. California Penal Code section 3041.5 sets forth the parameters for setting a prisoner's subsequent parole hearing. Under the statute as it existed before the voters' adoption of Marsy's Law in November 2008, indeterminately-sentenced inmates, like petitioner, were denied parole for one year unless the Board found, with stated reasons, that it was

---

[1] Moreover, as noted by respondent, the evaluation underlying the report was conducted within a shortened time frame, petitioner provided a typed rebuttal to the report, his attorney made closing statements on petitioner's behalf, and petitioner was given an opportunity to make a closing argument but declined. (Dkt. No. 11 (Exh. 6) at 7-12, 32, 34, 49-54 (page numbers reflect the original transcript).)

1  unreasonable to expect that parole could be granted the following year. Cal. Penal Code §
2  3041.5(b)(2)(B) (2008).[2] Here, contrary to petitioner's assertion, the Board did identify and set
3  forth "[s]pecific reasons" for its finding that "it is not reasonable to expect that parole be granted
4  at a hearing during the following two years." (Dkt. No. 11 (Exh. 6) at 65-66.) Petitioner's
5  challenge to the substance of this finding, that is, the Board's exercise of discretion under state
6  law, is not a matter subject to federal habeas relief.

7       For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's
8  application for writ of habeas corpus, based on his challenge to the Board's 2008 decision
9  denying him parole, be denied.

10      These findings and recommendations are submitted to the United States District
11 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-
12 one days after being served with these findings and recommendations, any party may file written
13 objections with the court and serve a copy on all parties. Such a document should be captioned
14 "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files
15 objections, he shall also address whether a certificate of appealability should issue and, if so, why
16 and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if
17 the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.
18 § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after
19 service of the objections. The parties are advised that failure to file objections within the
20 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
21 F.2d 1153 (9th Cir. 1991).

22 DATED: February 2, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

reec0495.157

---

[2] Pursuant to the amended statute, petitioner is now be subject to a denial of up to fifteen years. Cal. Pen. Code, § 3041.5(b) (2010).